RALPH FREEDSON AND KAY L. FREEDSON, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

FIRST TRUST COMPANY OF HOUSTON, INC., PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 6020-72, 6348-72.     Filed November 12, 1975.

*Melvin M. Engel,* for the petitioners.
*Daniel A. Taylor, Jr.,* and *Thomas Bulleit,* for the respondent.

OPINION

FEATHERSTON, *Judge:* On July 29, 1975, the Court received the original of respondent's Request for Admissions in each of these cases. One request contained 13 numbered paragraphs and the other 5. Each paper bears a Certificate of Service which recites that a copy thereof was served on petitioners' counsel, Melvin M. Engel, on July 25, 1975, by certified mail, return receipt requested, in a postage-paid wrapper addressed to counsel at his address shown on the petitions. No response to these requests for admissions has been filed with the Court.

On September 12, 1975, respondent filed in docket No. 6348-72 a Motion for Entry of Order that Respondent's Request for Admissions be Deemed Admitted, stating that petitioner failed to serve a written response or an objection to the request. On September 23, 1975, a similar motion was filed in docket No.

6020-72. The motions were calendared for hearing on October 29, 1975. Respondent's counsel argued the motions, but there was no appearance on behalf of petitioners.

Rule 90(b), (c), and (e) of the Rules of Practice of this Court, relating to requests for admission, is in pertinent part, as follows:

### RULE 90. REQUESTS FOR ADMISSION

(b) The Request: The request may, without leave of Court, be served by any party to a pending case. Each matter of which an admission is requested shall be separately set forth. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The party making the request shall serve a copy thereof on the other party, and shall file the original with proof of service with the Court.

(c) Response to Request: Each matter is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (i) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (ii) an objection, stating in detail the reasons therefor. * * *
* * *

(e) Effect of Admission: Any matter admitted under this Rule is conclusively established unless the Court on motion permits withdrawal or modification of the admission. * * *

The notes accompanying Rule 90(b), (c), and (e) of the Rules of this Court (60 T.C. 1115, 1116) explain that this rule is derived from rule 36 of the Federal Rules of Civil Procedure. Rule 36(a) of the Federal Rules contains the following:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, * * *

This provision has been interpreted to require affirmative action to avoid an admission. If no answer or objection is made within the time prescribed by the rule or the time fixed by the Court, the statements in the request are deemed admitted without the entry of any order by the Court. *Moosman v. Joseph P. Blitz, Inc.,* 358 F.2d 686, 688 (2d Cir. 1966); *Mangan v. Broderick & Bascom Rope Co.,* 351 F.2d 24, 28 (7th Cir. 1965); *O'Campo v. Hardisty,* 262 F.2d 621, 623-624 (9th Cir. 1958); *Chicago, Rock Island & Pacific Railroad Co. v. Williams,* 245 F.2d 397, 403-404 (8th Cir. 1957). Where no response is made to a request for

admissions, the party making the request is entitled to rely upon his adversary's failure to respond as an admission of the requested matters and to prepare for trial accordingly. *Mangan v. Broderick & Bascom Rope Co., supra* at 28; *Water Hammer Arrester Corp. v. Tower,* 171 F.2d 877, 879 (7th Cir. 1949). See also Rules 121(b) and 122(a), Tax Court Rules of Practice and Procedure, relating, respectively, to summary judgments and the submission of cases without trial.

Rule 90(b), (c), and (e) of this Court, having been adapted from rule 36 of the Federal Rules, was intended to prescribe a similar procedure. Accordingly, since petitioners in the instant cases have taken no affirmative action in response to respondent's requests for admissions, served on petitioners' counsel on July 25, 1975, more than 3 months ago, the statements set forth in those requests for admissions are deemed admitted for the purposes of the pending actions. Respondent will not be required to offer evidence at the trial of these proceedings (scheduled to be called from a trial calendar on December 8, 1975) to prove the statements set forth in the requests.

It is true that Rule 90(f) of the Rules of this Court refers to sanctions for "unjustifiably" failing to admit the genuineness of any document or the truth of any matter as requested in accordance with the rule. Such sanctions include, but are not "limited to the sanctions provided in Title X." This rule, however, refers to sanctions in situations where the party receiving an admissions request responds but unjustifiably fails to make a requested admission. It is similar in purpose to rule 37(c) of the Federal Rules, which provides that a party who, without good reason, refuses to admit a matter may be required to pay the costs incurred in proving that matter. See notes accompanying Rule 90(f) of the Rules of this Court, 60 T.C. 1117. The "sanction" for failure to respond to a request for admissions is to deem the matters stated in the request admitted as provided in Rule 90(c).

The motions filed by respondent requesting the Court to enter orders that the statements in his requests for admissions be deemed admitted are superfluous. Rule 90 of the Rules of this Court contemplates that a party's failure to respond to a request

will result automatically in the admission of the statements in the request without the necessity of a confirming order. Accordingly, respondent's motions will be denied.[1]

*Appropriate orders will be issued.*

---

[1] This opinion is not intended to deal with the circumstances in which a party may be permitted later to withdraw or modify an admission which he has made, either expressly or by failure to respond to a request for admissions. In any such case, the Court, upon a proper showing, may relieve a party from inadvertent admissions. The exercise of that discretion will depend upon the facts and circumstances of the individual case. See Rule 90(c) of the Rules of Practice and Procedure of this Court.

