NICHOLAS G. AND ISABEL M. WALLACE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wallace v. Commissioner
Docket No. 7918-80.
United States Tax Court
T.C. Memo 1981-274; 1981 Tax Ct. Memo LEXIS 471; 42 T.C.M. (CCH) 13; T.C.M. (RIA) 81274; June 1, 1981. *471 Nicholas G. Wallace and Isabel M. Wallace, pro se. Alan J. Pinner and Joseph T. Chalhoub, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*472 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment filed on March 10, 1981, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioners on April 4, 1980, determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1977 in the amount of $ 2,558.00. [3]
Petitioners resided at 18 Vista Real Drive, Rolling Hills, California, on the date they filed their petition herein. They filed a joint 1977 Federal income tax return with the Internal Revenue Service. In their petition filed on May 27, 1980, petitioners allege, at paragraph 4 thereof, as follows: The taxpayers have the necessary documentation to prove their case. Therefore, they *473 seek a hearing on this matter. [4]
Respondent, on July 18, 1980, filed his answer to the petition, in which at paragraph 4 he asserts as follows: Admits that petitioners disagree with adjustments set forth in the notice of deficiency. Denies the remaining allegations of paragraph 4 of the petition. [5]
On December 18, 1980, respondent served on petitioners a six-paragraph request for admission. [6] Therein, respondent requests petitioners to admit the facts set forth in the following requests: (1) The petitioners are unable to substantiate rental expenses in an amount in excess of that allowed by the respondent in the notice of deficiency dated April 4, 1980. (2) The petitioners are unable *474 to substantiate medical and dental expenses in an amount in excess of that allowed by the respondent in the notice of deficiency dated April 4, 1980. (3) The petitioners are unable to substantiate that they made contributions in an amount in excess of that allowed by the respondent in the notice of deficiency dated April 4, 1980. (4) The petitioners are unable to substantiate business travel expenses in an amount in excess of that allowed by the respondent in the notice of deficiency dated April 4, 1980. (5) Petitioners are unable to substantiate the $ 1,185.00 expense claimed on their 1975 return for promotions, gifts, and advertising. [7]
(6) Attached as respondent's Exhibit A is a true and correct copy of the petitioners' 1977 federal income tax return. Petitioners at no time served written answers upon respondent nor did they file answers with the Court. Rule 90(c). In such circumstances, each matter contained in respondent's request for admissions is deemed admitted. Freedson v. Commissioner, 65 T.C. 333 (1975); see Myers v. Commissioner, T.C. Memo. 1980-549; Edelson v. Commissioner, T.C. Memo. 1979-431; *475 Saba v. Commissioner, T.C. Memo. 1979-397; Bassett v. Commissioner, T.C. Memo. 1979-14; Rules 90(c) and (e). The matters so admitted conclusively show petitioners are not entitled to any of the expenses or deductions at dispute. Rule 90(e). Rule 121(b) provides that a motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *" [Emphasis supplied.] Here petitioners have refused to submit any information which contradicts respondent's factual determinations. On the basis of the pleadings, those matters deemed admitted in respondent's request for admissions and the exhibits attached to respondent's motion, respondent has amply demonstrated that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's *476 motion for summary judgment will be granted. An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on April 29, 1981. Petitioners did not appear nor did they file any response to respondent's motion herein under consideration, albeit a copy thereof and a copy of respondent's memorandum in support of his motion together with a copy of the Court's notice of hearing were served on them by the Court on March 30, 1981. See Rule 50(c), Tax Court Rules of Practice and Procedure.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The adjustments as determined by respondent in his notice of deficiency are as follows: ↩
Rental expenses
$ 8,626.00
Medical and dental
276.00
Contributions
1,972.00
Travel
1,275.00
Promotion, gifts, advertising
1,185.00
$ 13,334.00
4. In filing their petition, a form petition was used by petitioners, which is normally used for small tax cases. See Rule 175. Hence, the above-quoted language comprises in full the "errors" alleged as to respondent's deficiency determination and the "facts" to sustain the allegations of "error".↩
5. Upon the filing of that answer, issue was joined. See Rule 38.↩
6. The original of that request was filed with the Court on December 29, 1980. See Rules 90(a) and (b).↩
7. The year "1975" is obviously intended to be "1977".↩