DAVID SYAS and MARY L. SYAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Syas v. Commissioner
Docket No. 4797-76.
United States Tax Court
T.C. Memo 1981-439; 1981 Tax Ct. Memo LEXIS 304; 42 T.C.M. (CCH) 778; T.C.M. (RIA) 81439; August 18, 1981. Cheryl D. White and Alan J. Pinner, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge:This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing on respondent's motion for partial summary judgment under Rule 121, Rules of Practice and Procedure of this Court. The Court agrees with and adopts his opinion which is set out herein below. [1]
*305 OPINION OF SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case is before the Court on respondent's motion for partial summary judgment in his favor with respect to the year 1973, filed on April 15, 1981, together with a memorandum in support thereof. The case came on for hearing at the Motions Session in Washington on June 10, 1981. Respondent appeared by his counsel. There was no appearance by or on behalf of petitioners, nor had they filed any response to the motion. At the conclusion of the hearing, the motion was taken under advisement. Respondent determined deficiencies in petitioners' 1972 and 1973 Federal income taxes in the amounts of $ 1,599.59 and $ 3,533.94, respectively, together with additions to tax for fraud under section 6653(b) of the Internal Revenue Code of 1954[2] for those years in the amounts of $ 799.80 and $ 1,766.97, respectively. On June 17, 1980, respondent filed a request for admissions, a copy of which was served upon and received by petitioners. They filed no response to that request, and accordingly each matter encompassed by said request is deemed admitted. Rule 90(c); Freedson v. Commissioner, 65 T.C. 333 (1975). *306 FINDINGS OF FACT Petitionrs resided in the State of California at the time they filed the petition in this case. The following facts are based upon the matters in the request for admissions, which have been deemed to be admitted. During the taxable year 1973, petitioner David Syas (hereinafter "petitioner") operated a trucking business known as "D.L.&S. Trucking Co." During the taxable year 1973, petitioner derived unreported taxable income from the aforementioned business. During the taxable year 1973, petitioner failed to maintain complete and accurate books of account and records of his income-producing activities as required by the applicable provisions of the Internal Revenue Code of 1954 and the regulations promulgated thereunder. The taxable income of petitioners for the taxable year 1973, as determined by the source and application of funds method is as follows: SOURCE: Gross Wages (Mary L. Syas)
$ 9,748.60
Less: Income tax withheld
Federal
$ 1,481.36 State
163.11 Retirement (8%)
779.92 2,424.39
New Wages
$ 7,324.21
Schedule C - Gross
Receipts
8,051.73
Schedule E - Gross
Rents
2,200.00
Dividends - L.A.T.C.U.
387.34
Loans - L.A.T.C.U.
705.00
1972 Federal Income
Tax Refund
1,746.00
Decrease in Savings
L.A.T.C.U. - Share
Account
Balance 1/1/73
$ 6,720.00 12/31/73
3,985.00 Decrease
[2,735.00]
2,735.00
Decrease in Checking
Accounts
Balance 12/28/72
$ 140.21 Closed 4/6/73
Decrease
[140.21]
140.21
Total Funds Available
$ 23,289.49
*307 APPLICATION: Itemized Deductions
Medical - Per Return
Add: 3% Limitation
1% Limitation
Taxes
$ 1,459.20
Contributions
1,186.00
Interest
3,100.07
Miscellaneous
1,106.81
Total Itemized
deductions
$ 6,852.08 Sch. C. Expenses-Per
Return
$ 12,332.21
Less: Depreciation
832.30
Sch. C. Expenses
Involving Funds
11,499.91 Sch. E. Expenses
- Per Return
$ 4,303.18
Less: Depreciation
1,200.00
Sch. E. Expenses-Involving
Funds
3,103.18 Personal Living
Expenses (Estimated)
3,360.00 Loan Payments to
Principal
L.A.T.C.U.
$ 6,754.00
Great Western S. & L.
1,423.00
World Savings
719.00
8,896.00 Purchase of Assets
1962 Peterbilt
(Per Return)
$ 1,623.00
Organ (Musical
Instrument)
4,400.00 Machinery
(Per Return)
1,217.30 Total Funds Applied
$ 40,951.47 Difference Between
Source &
$ 40,951.47 Application of Funds
[23,289.49]
$ 17,661.98
Adjustments:
17,661.98
Medical
Sales Tax
[117.00]
117.00
Total Adjustments
17,544.98
Taxable Income
Corrected
$ 23,182.80 Taxable Income
Taxable Income Reported on Return
[5,638.08]
Understatement of
Taxable Income
[1] $ 17,544.72
*308 Petitioners, during the taxable year 1973, did not receive any gifts, inheritances, legacies, or devises. Petitioners, during the taxable year 1973, did not receive any nontaxable or excludible income, receipts, cash, or other assets, other than those set out in the foregoing source and application of funds computation. Petitioner's failure to maintain complete and accurate records of his income-producing activities, and his failure to produce complete and accurate business records to the respondent in connection with the examination of his income tax return for the taxable year 1973 was fraudulent, with the intent to evade tax. Petitioners understated their taxable income on their income tax return for the taxable year 1973 in the amount of $ 17,544.82. Petitioners fraudulently, and with intent to evade tax, omitted from their income tax return for the *309 taxable year 1973 taxable income in the amount of $ 17,544.82. OPINION Rule 121(a) of this Court's Rules of Practice and Procedure provides that either party may move for a summary adjudication upon all or any part of the legal issues in controversy. In Rule 121(b) it is provided that "A decision shall thereafter [i.e., after the filing of the motion and the response thereto] be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." In the notice of deficiency, as it relates to the year 1973, there were two adjustments and the imposition of the addition to tax for fraud under section 6653(b). One of the adjustments was to increase petitioners' income through the application of the source and application of funds method as reflected in the computation set out above. The other adjustment was mathematical, increasing the sales tax deduction to which petitioners were entitled for 1973 in light of the increase of their income. Thus, there are two questions presented *310 by respondent's motion: (1) Is respondent entitled to summary judgment for the deficiency for 1973; and (2) is he entitled to summary judgment for the addition to tax for fraud which he imposed for that year? 1. The 1973 deficiency. -- In the notice of deficiency respondent determined that petitioner had additional income of $ 19,407.82. In the request for admissions, that amount was reduced to $ 17,544.82, through the inclusion of an additional and nontaxable source of funds of $ 1,746, representing a refund of petitioners' 1972 Federal income taxes and a related adjustment to the sales tax deduction. In his motion respondent has conceded that there was no greater understatement for 1973 than the reduced amount of $ 17,544.82. Paragraph (8) of respondent's request for admissions, which has been deemed to be admitted, states: "The petitioners understated their taxable income on their income tax return for the taxable year 1973 in the amount of $ 17,544.82." In the light of that admission, respondent must be held to be entitled to prevail as to a deficiency for 1973 in an amount appropriately reduced to reflect the lesser amount of unreported income. 2. The addition *311 to tax for fraud. -- Section 6653(b) provides: FRAUD. -- If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse. Respondent has the burden of proving by clear and convincing evidence that the underpayment was due to fraud with intent to evade tax. Section 7454(a); Rule 142(b). Paragraphs (7) and (9) of respondent's request for admissions, which have been deemed admitted, state: (7) The petitioners' failure to maintain complete and accurate records of his income-producing activities, and his failure to produce complete and accurate business records to the respondent in connection with the examination of his income tax return for the taxable year 1973 was fraudulent, with the intent to evade tax. (9) The petitioners fraudulently, *312 and with the intent to evade tax, omitted from their income tax return for the taxable year 1973 taxable income in the amount of $ 17,544.82. In the light of those admissions as well as the other admissions and our findings of fact, it must be concluded that respondent has sustained his burden of proof. Cf. Marcus v. Commissioner, 70 T.C. 562, 577 (1978); Doncaster v. Commissioner, 77 T.C. No. 27 (August 11, 1981). Accordingly, he is entitled to prevail on this issue. Petitioners are therefore liable for an addition to tax under section 6653(b) for 1973 in an amount appropriately reduced to reflect the reduced amount of income and the correspondingly reduced deficiency under the first issue. Respondent's motion for partial summary judgment should be granted. An appropriate order will be entered. Footnotes
1. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
2. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
1. Respondent states in paragraph 6 of his motion for partial summary judgment: "Respondent concedes that the petitioners did not understate income in an amount greater than $ 17,544.72 for the taxable year 1973." In the notice of deficiency the unreported income for that year had been determined to be $ 19,407.82.↩