GERALDINE J. McELHANNON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McElhannon v. Commissioner
Docket No, 17020-80.
United States Tax Court
T.C. Memo 1982-196; 1982 Tax Ct. Memo LEXIS 546; 43 T.C.M. (CCH) 1065; T.C.M. (RIA) 82196; April 14, 1982. Geraldine J. McElhannon, pro se. David W. Johnson, *547 for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined the following deficiencies in petitioner's Federal income tax and additions to tax for 1977 and 1978: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
1977
$ 2,052
0
$ 102.60
0
1978
2,515
$ 628.75
125.75
$ 80.29
The issues presented for decision are as follows: 1. Whether petitioner is relieved from income tax liability for 1977 by reason of her association with the Basic Bible Church of America in Minneapolis, Minnesota; 2. Whether petitioner is taxable on the salary she received in 1978 from Aminoil USA, Inc.; 3. Whether petitioner is liable for the addition to tax imposed by section 6651(a) for 1978 for having failed to file an income tax return; 4. Whether petitioner is liable for the addition to tax imposed by section 6653(a) for 1977 and 1978 for negligence or intentional disregard of the rules and regulations issued under the internal revenue laws; and 5. Whether petitioner is liable for the addition to tax imposed by section 6654 for 1978 for underpayment of *548 estimated tax. FINDINGS OF FACT Petitioner was a legal resident of Houston, Texas, when the petition was filed. She filed an income tax return for 1977 with the Internal Revenue Service Center, Austin, Texas. On that income tax return, she reported wages or salaries in the amount of $ 13,480.02 and, on Schedule A thereof, deducted the same amount with the notation "Entire Salary of $ 13,480.02 was turned over to Basic Bible Church of America and its Religious Order, The Order of Almighty God." To the income tax return she attached a series of documents stating among other things that petitioner is head of a chapter of The Basic Bible Church of America, designated as The Order of Almighty God, Chapter number 7872. Petitioner filed no income tax return for 1978. A Form W-2 filed by her employer for 1978 shows that petitioner had wages or other compensation in the amount of $ 15,187.82 in that year. On June 17, 1980, respondent sent petitioner a notice of deficiency determining deficiencies and additions to tax in the amounts set forth above. The notice of deficiency disallowed deductions of $ 11,280.02 (the amount claimed in excess of the zero bracket amount) for 1977 *549 and determined that petitioner had unreported salaries and wages in the amount of $ 15,187.82 in 1978. The petition alleges, among other things, that petitioner is exempt from taxation on the ground that she is "personally a Corporation Sole and custodian of a fund organized and operated exclusively for religious, charitable, literary and educational purposes, as is contemplated by and limited by 26 U.S. Code Section 501(C)(3)." The evidence of record does not establish that The Order of Almighty God, Chapter 7872, was organized and operated exclusively for religious, charitable or literary purposes or that no part of its net earnings inured to the benefit of a private individual. OPINION Most of the evidence available to the Court consists of requested admissions served by respondent pursuant to Rule 90, Rules of Practice and Procedure of this Court, to which petitioner failed to respond. See Freedson v. Commissioner,65 T.C. 333, 334-335 (1975). When the case was called for trial, petitioner offered no testimony to show that Chapter 7872, The Order of Almighty God, to which, an attachment to her 1977 income tax return states, she contributed her salary, *550 is a qualified organization under section 170(c). She did not establish that Chapter 7872, The Order of Almighty God, was organized and operated exclusively for religious or charitable purposes within the meaning of section 170(c) or that the money she purportedly contributed to it was not expended for her personal benefit. We must, therefore, sustain the determined deficiency for 1977. Petitioner testified that in 1977 she joined the Basic Bible Church of America, an organization that has been granted exemption from income taxes. The exempt status of that organization, however, does not entitle Chapter 7872, The Order of Almighty God, to exemption or qualify contributions to it for deduction by its donors. See McGahen v. Commissioner,76 T.C. 468, 481 (1981), involving Chapter 7807, Order of Almighty God; Basic Bible Church v. Commissioner,74 T.C. 846, 856 (1980), involving Chapter 4017, Order of Almighty God. The organization documents attached to petitioner's 1977 income tax return are basically similar to the ones quoted in the opinions in those cases. As an example, in Basic Bible Church v. Commissioner,supra at 852, *551 the individuals claiming exemption for The Order of Almighty God, Chapter 4017, were directed to "consult Jerome Daly on any doubtful questions that may arise." In one of the papers attached to petitioner's 1977 income tax return, petitioner was directed to "consult the undersigned, Chief of the Order of Almighty God on any doubtful questions that may arise"; the "undersigned" was Jerome Daly. No evidence of any kind was offered to show that petitioner does not owe income tax on her salary for 1978, the year for which she failed to file a return, and the burden of proof, of course, rests with petitioner. Welch v. Helvering,290 U.S. 111 (1933). The deficiency determination for that year is, therefore, sustained. Petitioner offered no evidence on the applicability of the additions to tax. Section 6651(a) imposes an addition to tax in case of the failure to file a timely return unless such failure is due to reasonable cause and not due to willful neglect. The addition to tax under section 6653(a) applies if any part of the underpayment of tax is due to negligence or intentional disregard of rules and regulations. Under section 6654(a), an addition to tax is imposed *552 in the case of any underpayment by an individual of estimated tax. Because the burden of proof rests with petitioner, Welch v. Helvering,supra, and she offered no evidence designed to show that these additions to tax are not applicable, respondent's determination as to the additions to tax must also be sustained. We recognize the possibility that petitioner was duped by someone to engage in what appears to be a transparent tax dodge. But we do not think she was misled. From our observations of petitioner during the course of the trial, it is apparent she is an intelligent individual, and one with her intelligence would have known that her statutory tax obligations could not be circumvented by use of a kit of papers like the ones attached to her 1977 return. There is no ground for declining to sustain the additions to tax. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩