MARVIN POCHARSKI and ALICIA J. POCHARSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pocharski v. Commissioner
Docket No. 8809-79.
United States Tax Court
T.C. Memo 1982-659; 1982 Tax Ct. Memo LEXIS 97; 45 T.C.M. (CCH) 91; T.C.M. (RIA) 82659; November 15, 1982. Marvin Pocharski, pro se. David N. Brodsky, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: *98 Addition to Tax
Taxable Year
Deficiency
Section 6653(b) [1]
1970
$3,727.61
$1,863.80
1971
4,149.75
2,074.87
1972
5,833.63
2,916.81
1973
3,750.76
1,875.38
1974
2,097.05
1,048.52
The issues for decision are 1) whether petitioners had various amounts of unreported income in each of the taxable years 1970 to 1974, 2) whether respondent properly disallowed $62 worth of depreciation deductions in 1974, 3) whether petitioners are entitled to various medical and dental expense deductions in 1971, 1972 and 1973, 4) whether petitioner Marvin Pocharski is liable for the additions to tax under section 6653(b) for each of the years 1970 to 1974 [2] and 5) whether the statute of limitations bars assessment and collection of the deficiencies for the taxable years 1970 through 1974. *99 FINDINGS OF FACT Marvin Pocharski (hereinafter "petitioner") and Alicia J. Pocharski, husband and wife, resided in Marblehead, Massachusetts, at the time the petition was filed. During the taxable years 1970 through 1974, inclusive, petitioner was a self-employed mortician. In those years petitioners reported their taxable income utilizing the cash method of accounting. 1970
Petitioners filed their joint 1970 Federal income tax return on or before April 15, 1971, with the District Director of the Internal Revenue Service, Boston, Massachusetts. On this return, petitioners reported no dividend income. In fact, during the taxable year 1970 petitioners realized dividend income (before application of the $200 dividend exclusion) in the total amount of $304.50, as follows: Con Edison Common
$ 90.00
Continental Mort. Investors
23.00
AT & T (Marvin & Marilyn)
187.50
Phillips Industries, Inc.
4.00
Total
$304.50
On this return, petitioners reported interest income from "Various Savings Banks" in the total amount of $1,180.55. In fact during this taxable year, petitioners realized $105.65 in interest income from an account at the Salem Five Cent *100 Savings Bank and bond interest income in the total amount of $14,554.70, [3] as follows: Appalachian Power Co.
$ 225.00 (Accrued on Purchase)
(28.75)
Family Finance (Aristair Inc.)
2,375.00 (Accrued on Purchase)
(32.99)
General Public Utilities
1,025.00 (Accrued on Purchase)
(42.71)
General Tel of Upstate NY
95.00 (Accrued on Purchase)
(7.92)
Pacific Tel & Tel
9,125.00 (Accrued on Purchase)
(228.13)
RCA
981.25 South Carolina Electric & Gas
246.87 (Accrued on Purchase)
(32.92)
Total
$14,554.70 On this return, petitioners reported no capital gains from dealing in securities. In fact, in this taxable year petitioners realized net short-term capital gains of $473.63, as follows: Short
Term
Purchase
Purchase
Sales
Sales
Capital
Date
Price
Date
Price
Gain (Loss)
Deltona Corp.-
100 shares
8/ 4/70
$2,002.70
10/13/70
$2,747.19
$744.49 PhillipsInd.
Inc.-100
shares
8/ 4/70
1,228.75
10/27/70
1,512.58
283.83 Continental
Mort. Inv.-
100 shares
8/13/70
1,482.50
10/27/70
1,549.51
67.01 Viatron Compu.
Sys.-100
shares
9/28/70
809.82
12/11/70
188.12
(621.70)
Total
$473.63 *101 The unreported dividend, capital gain, bank account interest and bond interest income realized by petitioners in 1970 was received by them and used for their personal expenses. On their return, petitioners reported business income of $12,573.67 on a detailed Schedule C and rental income of $1,076. They also elected to itemize their deductions. 1971
Petitioners filed their joint 1971 Federal income tax return on June 14, 1972, with the Internal Revenue Service Center, Andover, Massachusetts. On this return, petitioners reported no dividend income. In fact, during the taxable year 1971, petitioners realized dividend income (before application of the $200 dividend exclusion) in the total amount of $480, as follows: Con Edison Common
$ 90.00
AT & T (Marvin & Marilyn)
390.00
Total
$480.00
On this return, petitioners reported interest income from "Various Savings Banks" of $1,230. In fact during this taxable year, petitioners realized $622.45 in interest income from an account at the Salem Five Cent Savings Bank and bond interest income in the total amount of $16,668.76, as follows: Appalachian Power Co.
$ 450.00
Family Finance (Aristair Inc.)
2,375.00
General Public Utilities
1,025.00
General Tel of Upstate NY
950.00
Pacific Tel & Tel
9,125.00
RCA
2,250.00
South Carolina Electric & Gas
493.76
Total
$16,668.76
*102 The unreported dividend, bank account interest and bond interest income realized by petitioners in 1971 was received by them and used for their personal expenses. On their return, petitioners reported business income of $14,167.03 on a detailed Schedule C and net losses from property rental of $1,925.21. They also elected to itemize their deductions. Among these deductions was a deduction of $995.33 for medical and dental expenses (prior to subtracting three percent of adjusted gross income). 1972
Petitioners filed their joint 1972 Federal income tax return on or before April 15, 1973, with the District Director of the Internal Revenue Service, Boston, Massachusetts. On this return, petitioners reported no dividend income. In fact, during the taxable year 1972, petitioners realized dividend income (before application of the $200 exclusion) in the total amount of $5,275.71, as follows: Baltimore Gas & Electric
$ 225.00
Charter N.Y. Corporation
300.00
Con Edison Preferred
250.00
Detroit Edison
412.50
The Dominick Fund, Inc.
192.00
AT & T (Marvin)
270.00
AT & T (Marvin & Marilyn)
397.50
Duquesne Light Company
200.00
Madison Fund Inc.
210.00
Mountain States T&T (Marvin)
306.00
Niagra Mohawk Corporation
360.00
Public Service Co. of Colorado
318.75
Public Service Electric & Gas Co.
267.46
Southern California Edison
243.00
State Street Boston Financial Corp.
270.00
Union Electric Co.
262.50
The United Corporation
700.00
EF Hutton: Adams ($10.00) &
So. Cal. Ed. ($81.00)
91.00
Total
$5,275.71
*103 On this return, petitioners reported no interest income. In fact, in this taxable year petitioners realized $69.13 in interest income from an account at the Salem Five Cent Savings Bank and bond interest income in the total amount of $7,386.68, as follows: Appalachian Power Co.
(Accrued on Sale)
$ 68.75
Family Finance (Aristair Inc.)
(Accrued on Sale)
739.94
General Public Utilities
(Accrued on Sale)
156.60
General Tel of Upstate NY
(Accrued on Sale)
126.67
Pacific Tel & Tel
4,562.50
(Accrued on Sale)
1,244.29
RCA
(Accrued on Sale)
412.50
South Carolina Electric & Gas
(Accrued on Sale)
75.43
Total
$7,386.68
On this return, petitioners reported no capital gains. In fact, in this taxable year petitioners received a long-term capital gain distribution of $755 from Madison Fund, Inc. and realized long-term capital gains from the sale of bonds in the total amount of $10,105.21, as follows: Purchase
Purchase
Sales
Sales
Long-Term
Date
Price
Date
Price
Capital Gain
General Tel of
NY (10)
12/ 4/69
$1,050.00
1/ 9/72
$10,575.00
$ 525.00
General Public
Utilities (10)
12/16/69
10,096.50
1/26/72
10,687.28
590.78
Appalachian
Power (5)
6/24/70
5,000.00
1/26/72
5,324.89
324.89
So. Carolina
Elec. & Gas
(5)
6/25/70
4,950.00
1/26/72
5,350.00
400.00
Family Finance
Bonds (15)
10/27/69
15,000.00
2/ 7/72
15,824.68
824.68
Family Finance
Bonds (6)
10/27/69
6,000.00
2/ 7/72
6,329.87
329.87
Family Finance
Bonds (4)
10/27/69
4,000.00
2/ 7/72
4,219.91
219.91
RCA (25)
6/16/70
25,062.50
2/ 7/72
26,811.96
1,749.46
Pacific Tel &
Tel (50)
12/ 2/69
50,132.00
3/ 9/72
55,272.62
5,140.62
Total
$10,105.21
*104 The unreported dividend, capital gain, bank account interest and bond interest income realized by petitioners in 1972 was received by them and used for their personal expenses. On their return, petitioners reported business income of $20,245.91 on a detailed Schedule C and net losses from property rental of $1,440. Petitioners failed to report as income $1,500 of rental income they received in connection with the rental of the Hawthorne Blvd. Funeral Home to the O'Donnell Funeral Home. On their return, petitioners elected to itemize their deductions. Among these deductions was a deduction of $2,485 for medical and dental expenses (prior to subtracting three percent of adjusted gross income). 1973
Petitioners filed their 1973 joint Federal income tax return on or before April 15, 1974, with the District Director of the Internal Revenue Service, Boston, Massachusetts. On this return, petitioners reported $41,518.15 as gross receipts of their funeral home business on Schedule C. This amount actually reflected $39,698.15 of gross receipts from that business and $1,820 of unrelated rental income. Petitioners failed to report additional gross receipts received by them *105 in connection with their funeral home business in 1973 of $3,025.25. On this return, petitioners reported no dividend income. In fact, in that taxable year petitioners realized dividend income (before application of the $200 exclusion) in the total amount of $9,697.26, as follows: Adams Express Co.
$ 369.00
American Can Company
330.00
Baltimore Gas & Electric
450.00
Charter N.Y. Corporation
300.00
Con Edison Preferred
500.00
Delmaizua Power
348.00
Detroit Edison
550.00
The Dominick Fund Inc.
320.00
AT & T (Marvin)
560.00
AT & T (Marvin & Marilyn)
420.00
Duquesne Light Company
400.00
Madison Fund Inc.
1,073.02
Mountain States T&T (Marvin)
420.00
Mountain States T&T (Joint)
420.00
Niagra Mohawk Corporation
360.00
Northeast Utilities
126.49
Public Service Co. of Colorado
425.00
Public Service Electric & Gas Co.
(Com)
131.75
Public Service Electric & Gas Co.
(Pref)
430.00
Southern California Edison
324.00
State Street Boston Financial Corp.
360.00
Union Electric Co.
350.00
The United Corporation
730.00
Total
$9,697.26
On this return, petitioners reported no interest income. In fact, in this taxable year petitioners realized *106 $1.09 in interest income from an account at the Home Savings Bank and $4,562.50 in interest income from Pacific Telephone and Telegraph Co. bonds they owned. On this return, petitioners reported no income from capital gains. In fact, in this taxable year petitioners realized capital gains distributions on stock in the total amount of $2,143.98, as follows: Adams Express Co.
$ 666.00
The Dominick Fund, Inc.
1,296.00
Madison Fund, Inc.
181.98
Total
$2,143.98
Petitioners failed to report as income in 1973 $767 of funds distributed to petitioner in 1973 by the Ridge Realty Trust. The unreported dividend, capital gain, bank account interest and bond interest income realized by petitioners in 1973 was received by them and used for their personal expenses. On their 1973 return, petitioners reported business income of $9,843.19 on a detailed Schedule C and elected to itemize their deductions. Among these itemized deductions was one of $578.83 for deductible medical and dental expenses (prior to subtracting three percent of adjusted gross income). 1974
Petitioners filed their joint 1974 Federal income tax return on or before April 15, 1975, with the *107 District Director of the Internal Revenue Service, Boston, Massachusetts. On this return, petitioners reported no dividend income. In fact, during the taxable year 1974, petitioners realized dividend income (before application of the $200 dividend exclusion) in the total amount of $7,733.70, as follows: Adams Express Co.
$ 414.00
American Can Company
330.00
Baltimore Gas & Electric
450.00
Charter N.Y. Corporation
300.00
Con Edison Preferred
500.00
Delmaizua Power
223.56
Detroit Edison
550.00
The Dominick Fund Inc.
440.00
AT & T (Marvin)
308.00
AT & T (Marvin & Marilyn)
474.00
Duquesne Light Company
400.00
Madison Fund Inc.
596.79
Mountain States T&T (Marvin)
114.00
Mountain States T&T (Joint)
114.00
Niagra Mohawk Corporation
90.00
Northeast Utilities
60.99
Public Service Co. of Colorado
425.00
Public Serv. Elec. & Gas Co. (Common)
108.36
Public Serv. Elec. & Gas Co. (Preferred)
430.00
Southern California Edison
81.00
State Street Boston Financial Corp.
90.00
Union Electric Co.
350.00
The United Corporation
770.00
EF Hutton (Mountain State-1/4)
114.00
Total
$7,733.70
On this return, petitioners reported no interest *108 income. In fact, during this taxable year, petitioners realized $62.06 in interest income from an account at the Home Savings Bank and $4,562.50 in interest income from Pacific Telephone and Telegraph Co. bonds they owned. On this return, petitioners reported no income from capital gains. In fact, in this taxable year, petitioners realized capital gains distributions on stock in the total amount of $1,978, as follows: Adams Express Co.
$ 666.00
The Dominick Fund, Inc.
1,312.00
Total
$1,978.00
The unreported dividend, capital gain, bank account interest and bond interest income realized by petitioners in 1974 was received by them and used for their personal expenses. In addition, in 1974, petitioners realized but failed to report a $1,000 long-term capital gain arising from their sale of the records and goodwill of McDonald's Funeral Home to O'Donnell's Funeral Home on March 29, 1974.Further, in 1974, petitioners realized but failed to report a $13,999.84 long-term capital gain arising from their sale of the assets of McDonald's Funeral Home on June 4, 1974. On their 1974 return, petitioners reported business income of $2,943.90 on a detailed Schedule *109 C. Among the deductions on Schedule C, petitioners deducted $4,400 for depreciation. In his statutory notice of deficiency, respondent reduced this depreciation figure by a net of $62. On July 24, 1978, petitioner Marvin Pocharski entered a plea of guilty to the following two counts of a grand jury indictment: Count Two
The Grand Jury further charges: That on or about April 15, 1973, in the District of Massachusetts, Marvin F. Pocharski, then a resident of Marblehead, in said district, who during the calendar year 1972 was married, did willfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him and his wife to the United States of America for the calendar year 1972, by preparing and causing to be prepared, by signing and causing to be signed, and by mailing and causing to be mailed, in the District of Massachusetts, a false and fraudulent income tax return on behalf of himself and his said wife, which was filed with the Internal Revenue Service, wherein it was stated that their taxable income for said calendar year was the sum of $8,886.00, and that the amount of tax due and owing thereon was the sum of $1,575.00; whereas, as *110 he then and there well knew, their joint taxable income for the said calendar year was the sum of $26,710.63, upon which said taxable income there was owing to the United States of America an income tax of $5,585.53; in violation of Title 26, United States Code, Section 7201. Count Four
The Grand Jury further charges: That on or about February 28, 1975, in the District of Massachusetts, Marvin F. Pocharski, then a resident of Marblehead, in said district, who during the calendar year 1974 was married, did willfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him and his wife to the United States of America for the calendar year 1974, by preparing and causing to be prepared, by signing and causing to be signed, and by mailing and causing to be mailed, in the District of Massachusetts, a false and fraudulent income tax return on behalf of himself and his wife, which was filed with the Internal Revenue Service, wherein it was stated that no income tax was owed for said calendar year; whereas, as he then and there well knew, their joint taxable income for the said calendar year was the sum of $12,320.80 upon *111 which said taxable income there was owing to the United States of America an income tax of $2,340.20; in violation of Title 26, United States Code, Section 7201. The instant deficiency notice was sent to petitioners by certified mail on March 27, 1979. OPINION
The first issue for decision is whether the deficiencies asserted by respondent for 1970 through 1974 are in all respects correct. The deficiencies determined consisted of: unreported income in the years 1970 through 1974; automatic adjustments to medical and dental expense deductions in 1971, 1972 and 1973 (flowing from changes in gross income); and $62 worth of disallowed depreciation deductions. The evidence in this case consists solely of petitioners' income tax returns and various deemed admissions introduced by respondent, and explanations by petitioners. See Rule 90; Freedson v. Commissioner,65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). With regard to the underlying deficiencies in a fraud case, petitioners bear the burden of proof. Rule 142(a); Stone v. Commissioner,56 T.C. 213, 224 (1971). Petitioners having failed to *112 introduce any evidence on these subjects, the deficiencies must be sustained in their entirety. [4]
The next issue is whether petitioner Marvin Pocharski is liable for the additions to tax under section 6653(b) for the years at issue. In light of his criminal fraud convictions for the years 1972 and 1974, petitioners do not deny that part of the underpayments of tax required to be shown on petitioners' 1972 and 1974 returns was due to fraud. Accordingly, the additions under section 6653(b) for 1972 and 1974 are sustained. Remaining is the question whether "any part of any underpayment" of tax in the years 1970, 1971 and 1973 was due to fraud. See section 6653(b). On this question, respondent bears the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b). To prove fraud, respondent must show that the taxpayer acted with specific intent to evade a tax believed to be owing. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968). "Although mere understatement of income standing alone is not sufficient to prove fraud, the consistent and substantial *113 understatement of income is, by itself, strong evidence of fraud." Marcus v. Commissioner,70 T.C. 562, 577 (1978). From the evidence of record it is clear that petitioner knew that the dividends, interest and capital gains he failed to report in 1970, the dividends and interest he failed to report in 1971 and the dividends, interest, capital gains, trust distribution and additional gross business receipts he failed to report in 1973 were income to him on which taxes would be owing. For example, in 1970 and 1971 petitioner reported some round-number interest income on his return, yet he failed to report substantial amounts of other interest income in those years. Petitioner was a knowledgeable businessman familiar enough with filling out tax returns to claim such complicated items as depreciation and sales tax expenses on his detailed business Schedules C. If he knew how to claim such deductions, we can infer he knew how to report his unreported items of income. See Archer v. Commissioner,227 F.2d 270, 274 (5th Cir. 1955), affg. a Memorandum Opinion of this Court. His unexplained and consistent pattern of non-reporting or underreporting of *114 certain income items we think can only be explained in the instant case by fraudulent intent. Marcus v. Commissioner,supra.
The only attempted justification for his underreporting is petitioner's explanation that the various stocks, bonds and accounts in which the unreported dividend and interest income was earned were gifts to his children and held in his children's names. The record reveals, however, that petitioners treated this property as if owned by themselves personally, and not their children. Additionally, petitioner's explanation of why he did not report the income suggests he thought his children should report the income. Petitioner, however, does not contend his children reported these substantial omitted items on separate returns of their own. Petitioner's explanation is therefore lacking in both its factual and logical underpinnings. We disbelieve it. [5]
Viewing petitioner's consistent and knowing understatement of income together with his fraud convictions in the years 1972 and 1974, we sustain *115 respondent's imposition of the fraud additions for 1970, 1971 and 1973. The final issue for decision is whether the statute of limitations bars assessment and collection of the determined deficiencies. In light of our conclusions on the fraud issue for each of the years 1970 through 1974, we hold that the deficiencies are not time-barred. See section 6501(c). Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect during the years in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent has conceded that petitioner Alicia J. Pocharski is not liable for these additions to tax. Additionally, respondent concedes that petitioner Alicia J. Pocharski is entitled to relief of liability from all the deficiencies at issue under the terms of section 6013(e).↩
3. This number is derived from the bond interest income chart, which we reproduce directly from respondent's request for admissions. The amounts were deemed admitted. However, the following chart does not add up to $14,554.70, but rather $13,699.70. This $855.00 discrepancy should be adjusted in the Rule 155 computation.↩
4. See Hand v. Commissioner,T.C. Memo 1982-457↩.
5. Further, this attempted explanation does not even begin to explain the underreporting of gross receipts in 1973 or capital gains in 1970.↩