PATRICK J. LYNCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lynch v. Commissioner
Docket No. 5441-82
United States Tax Court
T.C. Memo 1983-537; 1983 Tax Ct. Memo LEXIS 253; 46 T.C.M. (CCH) 1265; T.C.M. (RIA) 83537; August 30, 1983. Philip J. Starr, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION Scott Judge: This case was assigned to and heard by Special Trial Judge Fred R. Tansill, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court *254 agrees with and adopts his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: This matter is before us on respondent's motion for summary judgment pursuant to Rule 121 filed May 27, 1983. The case came on for hearing at the Motion Session in Washington, D.C. on July 6, 1983. Respondent appeared by his counsel and offered oral arguments in support of the respondent's motion. There was no appearance by or on behalf of petitioner nor were any supporting documents submitted by or for the petitioner. At the conclusion of the hearing, the motion was taken under advisement. In the statutory notice of deficiency dated December 30, 1981, respondent determined a deficiency in petitioner's 1979 Federal income tax is the amount of $8,354 and an addition to tax under section 6653(a) of the Internal Revenue Code *255 in the amount of $417.70. The adjustment in the statutory notice which produced the deficiency was petitioner's failure to include in his gross income under section 61(a)(1) of the Internal Revenue Code wages received as compensation for services in the total amount of $27,969.Exclusion of the foregoing amount from gross income, together with petitioner's claimed exemption from taxation, was based upon his allegation that he had become a minister of the Freedom Church of Relevation (Church) and had taken a "vow of poverty." Petitioner timely filed a petition with this Court on March 10, 1982 alleging error by the respondent with respect to the increase in petitioner's gross income by $27,969, together with the imposition of the addition to tax under section 6653(a). The basis asserted in the petition for the petitioner's actions were that petitioner was a duly ordained minister of the Church and properly excluded from gross income the sum of $27,969 in the taxable year. Petitioner also denied that he was liable for the addition to tax for negligence. Respondent timely filed an answer to the petition in which he denied the allegations of error and of facts *256 set forth in the petition and alleged that petitioner had failed two forms 1040 for the year 1979, one on March 8, 1980 and the other on April 15, 1980, with "vows of poverty" attached claiming full refunds of income and FICA tax withholding. Respondent also alleged that the forms 1040 were incomplete, lacked most of the information required from which a tax could be determined, and did not constitute "returns" as required by the law and the regulations. Respondent concluded, that petitioner had not filed an income tax return for 1979 and that such failure was without reasonable cause and due to willful neglect. Respondent therefore, claimed an addition to tax under section 6651(a) of $827.68 for failure to file a return. Petitioner filed a timely reply to the answer denying the affirmative allegations of the answer. At the time of filing his return petitioner resided in Cinnaminson, New Jersey. He resided at the same location when filing his petition. The petition had been prepared by and was signed by two attorneys rather than by petitioner personally. Those attorneys subsequently withdrew and were replaced by another attorney. The issues for decision, as stated in respondent's *257 motion for summary judgment are: (1) whether wages earned by petitioner in 1979 are taxable to him; (2) whether petitioner is liable for the addition to tax for negligence under section 6653(a). The motion requested the Court to enter an order granting summary judgment for the respondent and a decision finding a deficiency in income tax of $8,354 and an addition to tax pursuant to Code section 6653(a) of $417.70 [3]. Respondent's motion for summary judgment grows out of the following circumstances. On February 10, 1983, respondent served a first Request for Admissions on petitioner's counsel, pursuant to Rule 90. The list of requested admissions which were set forth in an attached Exhibit C to respondent's First Request for Admissions were as follows: 1. Attached hereto as Exhibit A is a copy of a 1979 Form 1040 (and attachments) filed by petitioner on or about March 8, 1980 as an income tax return for said *258 year. 2. Attached hereto as Exhibit B is a copy of a 1979 Form 1040 (and attachments) filed by petitioner on or about April 15, 1980 as an income tax return for said year. 3. Petitioner filed no other Forms 1040 for the year 1979 either before or after filing of the documents referred to in paragraphs 1 and 2. 4. The employer(s) shown on the wage and Tax Statement(s) (Form W-2) attached to Exhibits A and B paid the wages shown thereon for the year 1979 directly to the petitioner with no restriction on their use. 5. Petitioner contends that the wages earned in 1979 referred to in paragraph 4, were earned as an agent of his local congregation of the Freedom Church of Relevation rather than in his individual capacity. 6. The facts regarding petitioner's operation of his local congregation of Freedom Church of Relevation are the same as those in the case of John J. Ocejo v. Commissioner,T.C. Memo. 1983-48. The respondent's First Request for Admissions asked that petitioner admit (1) that the facts set forth in each of the above enumerated paragraphs are true, (2) that each exhibit to the First Request for Admissions is authentic and is either an original *259 or electronic reproduction of an original and (3) that each exhibit incorporated in exhibit C may be received in evidence in this case for any relevant purpose. Neither petitioner nor the attorney who then represented him responded to the Request for Admissions. Because no response was made within the period specified by Rule 90(c), each matter contained in the Request for Admissions is deemed to be admitted for purposes of this case. Freedson v. Commissioner,65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978); Rule 90(c) and (e). Accordingly, petitioners are deemed to have admitted that the facts concerning the operation of petitioner's Church are the same as those in Ocejo v. Commissioner,supra.They have also admitted the facts otherwise set out in the paragraphs of the respondent's Request for Admissions. Under Rule 90(e), facts such as those referred to above, when deemed admitted, are conclusively established. Freedson v. Commissioner,supra;Brobeck v. Commissioner,T.C. Memo. 1980-192. We now reach the question of the propriety of respondent's motion for summary judgment. *260 In accordance with Rule 121(b) a decision shall be rendered on the motion for summary judgment if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be entered as a matter of law." The undisputed facts here are that petitioner was employed by the Budd Company as a machinist in the taxable year 1979 receiving wages of $27,969.39. Those wages were paid to the petitioner directly by the employer with no restrictions on their use. It is petitioner's contention that the wages in question were earned as an agent of his local congregation of the Church rather than in his individual capacity. Petitioner purportedly became a minister of a subsidiary congregation of the Church. The facts concerning the operation of the petitioner's purported local congregation of the Church are substantially the same as those in the case of Ocejo v. Commissioner,T.C. Memo. 1983-48. Just as in that case, petitioner here received payroll checks from his employer in his individual capacity rather than as an agent. Petitioner *261 purportedly created a local congregation of the Church located in his home, opened a Church checking account over which he and the members of his family had signatory power, deposited his payroll checks in the Church account and used those funds to pay his personal living expenses. These are the undisputed facts no longer in controversy in this case. Our next inquiry is whether this factual pattern should relieve petitioner of the necessity of treating his earnings as gross income of his own. As a matter of law, in McGahen v. Commissioner,76 T.C. 468 (1981), on appeal (3d Cir. August 24, 1981), it was held that the attempted assignment of earnings by an individual was wholly ineffective to relieve that individual from tax thereon. The fact that petitioner, despite his "vow of poverty," retained control of the funds allegedly earned as an agent of the Church was held to require inclusion of the earnings in income in Ocejo v. Commissioner,supra. We conclude on the basis of these authorities that respondent is entitled to an order granting summary judgment as to the deficiency in his favor.
Finally, we consider the question of addition to *262 tax under section 6653(a). On a similar set of circumstances we held in Ocejo v. Commissioner,supra, that the taxpayer had disregarded applicable rules and regulations so as to be negligent within the meaning of section 6653(a). Here, we also have the factors of incomplete returns filed for the taxable year. This pattern requires that the addition to tax under section 6653(a) be imposed. We so hold. For the foregoing reasons, the respondent is entitled to the full deficiency set forth in the statutory notice together with the addition to tax also shown therein. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that Rule are not applicable to this case.
3. Apparently, respondent has abandoned his claim asserted in his answer of the addition to tax for failure to file a return under section 6651(a) and we will consider this affirmative issue as conceded by respondent in ruling on his motion for summary judgment.↩