DENNIS A. LEATHERMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
LEATHERMAN v. COMMISSIONER
Docket No. 33140-85
United States Tax Court
T.C. Memo 1989-650; 1989 Tax Ct. Memo LEXIS 651; 58 T.C.M. (CCH) 876; December 11, 1989
Dennis A. Leatherman, pro se. Elizabeth I. Abreu, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge *652 : This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code of 1986 and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Section
Section
Section
Year
Deficiency
6653(a)
6653(a)(1)
6653(a)(2)
1980
$  33,178.00
$ 1,659.00
--
--
1981
$ 211,976.00
--
$ 10,599.00
*
Respondent has before the Court a motion for summary judgment and a motion for sanctions based upon petitioner's failure to produce documents pursuant to this Court's order. At the time the *653 petition was filed, petitioner's residence was in the State of California. In the notice of deficiency, respondent made the following adjustments to petitioner's 1980 and 1981 Federal income tax returns: 1980 1981
Unreported gross income
$ 50,126.00
$ 234,807.00 Ordinary income from rabbit sales
--
298,194.00 Farm expenses disallowed
43,073.00
15,523.00 Capital gains & losses
--
(120,432.00)
Sale of business asset
--
2,307.00 Rental expense
(Depreciation) disallowed
--
12,103.00 Subchapter S corporation distribution
--
72,000.00 Charitable contributions
--
(48,359.00)
Sales tax
(215.00)
--     Total Adjustments
$ 92,984.00
$ 466,143.00 Respondent further determined that petitioner negligently or intentionally disregarded rules or regulations in incorrectly reporting his income and expenses and, accordingly, determined the additions to tax. Petitioner has alleged that respondent was barred from the assessment and collection of taxes for both years *654 by reason of the statute of limitations. In the Answer, respondent alleged affirmatively that the period of limitations had not expired at the time the notice of deficiency was mailed and, therefore, respondent was not barred from assessment and collection of taxes for the two years. No reply was filed by petitioner to the affirmative allegations, and respondent did not move to have these affirmative allegations deemed admitted under Rule 37(c). Pursuant to Rule 90, respondent served on petitioner two separate written requests for admission. Petitioner did not answer the requested admissions, did not file any objections thereto, and did not otherwise respond to the requests. Accordingly, under Rule 90(c), the requested admissions are deemed admitted without the entry of an order by the Court. Freedson v. Commissioner, 65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Therefore, in consideration of the motion for summary judgment, respondent is not required to offer evidence to prove the statements set forth in the requests. Freedson v. Commissioner, supra at 335. In the requests for admissions, respondent outlined, *655 in detail, each of the adjustments in the notice of deficiency and the factual basis upon which each adjustment was determined. Included in the requests were copies of petitioner's income tax returns for the two years in question and a complete copy of the notice of deficiency. The requests include the following admissions: First Request: 33. The entire deficiency with respect to your 1980 return was due to your negligence and intentional disregard of the rules and regulations under the Internal Revenue Code of 1954. 34. The entire deficiency with respect to your 1981 return was due to your negligence and intentional disregard of the rules and regulations under the Internal Revenue Code of 1954. 35. Attached hereto and marked as Exhibit F is a copy of the statutory notice of deficiency issued to you by the Commissioner of Internal Revenue on May 31, 1985. Second Request: 16. Respondent correctly determined in its notice of deficiency that your deficiency in income taxes for 1980 was $ 33,178. 17. Respondent correctly determined in its notice of deficiency that your deficiency in income taxes for 1981 was $ 211,976. 18. Respondent correctly imposed in *656 its notice of deficiency a negligence penalty against you under I.R.C. § 6653(a) of $ 1,659 for the year 1980. 19. Respondent correctly imposed in its notice of deficiency a negligence penalty against you under I.R.C. § 6653(a)(1) in the amount of $ 10,599 for the year 1981. As to the statute of limitations defense asserted by petitioner, because respondent's affirmative allegations in the Answer were not replied to by petitioner, and because respondent failed to move to have the affirmative allegations deemed admitted, the affirmative allegations are deemed denied under Rule 37(c). Section 6501(a) provides, in pertinent part, that the amount of any tax shall be assessed within three years from the date the return was filed, whether or not the return was filed on or after the date prescribed for filing. If the return was filed prior to the date prescribed for filing, section 6501(b)(1) provides that the return is considered filed as of the last day prescribed for filing. Although the date of filing of petitioner's 1980 return is not shown by the record, it appears from the facts deemed admitted that the return was filed on or *657 before April 15, 1981. The three-year period for assessment provided under section 6501(a), therefore, extended to April 15, 1984. The notice of deficiency was mailed on May 31, 1985, a date beyond the general three-year period of limitations. In Adler v. Commissioner, 85 T.C. 535 (1985), this Court held that, although the party pleading the statute of limitations as a defense bears the ultimate burden of proof, where the party pleading the defense has established a prima facie case, at that point, the burden of going forward with the evidence shifts, and the other party has the burden of introducing evidence to show that the bar of the statute is not applicable. With respect to the 1980 tax year, respondent established, in the request for admissions, that, on February 6, 1984, an open-ended consent to extend the period for assessment for 1980 was executed on petitioner's behalf by his duly authorized representative pursuant to section 6501(c)(4). The consent extended the period of assessment to 90 days after respondent received a Form 872-T from petitioner terminating the consent or 90 days after respondent mailed such form to petitioner terminating the consent. *658 Respondent, therefore, met the burden of going forward with the evidence pursuant to Adler v. Commissioner, supra, and the ultimate burden of proving that the statute of limitations applied shifted to petitioner. Petitioner failed to introduce any evidence to establish that the bar of the statute applied. Accordingly, the statute of limitations does not bar assessment of taxes for petitioner's 1980 tax year. As to the 1981 tax year, in the request for admissions, respondent established that petitioner filed his 1981 income tax return on June 3, 1982. Since section 6501(a) provides that the three-year period for assessment commences the date the return was filed, it is evident that the notice of deficiency, mailed on May 31, 1985, was well within the time period for assessment under section 6501(a). Therefore, the statute of limitations does not bar assessment of taxes for petitioner's 1981 tax year. Under Rule 121, summary judgment may be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and *659 that a decision may be rendered as a matter of law." Rule 121(b). The moving party bears the burden of proving there is no genuine issue of material fact. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). Petitioner failed to submit any information to contradict respondent's factual determinations. On the basis of the pleadings and the facts deemed admitted in respondent's request for admissions, respondent has amply demonstrated to the Court's satisfaction that there is no genuine issue as to any material fact in this record and, thus, respondent is entitled to a decision as a matter of law. The admitted facts establish that the notice of deficiency was issued timely, and thus the assessment and collection of taxes for 1980 and 1981 is not barred by the statute of limitations. Hence, summary judgment is a proper procedure for disposition of this case. Respondent's motion for summary judgment is granted. By virtue of this finding, respondent's motion for sanctions is moot and, accordingly, is denied. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references hereafter are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of $ 211,976.00.↩