WAYNE AND LISSIE E. MASSEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Massey v. Commissioner
Docket No. 1088-90
United States Tax Court
T.C. Memo 1991-53; 1991 Tax Ct. Memo LEXIS 78; 61 T.C.M. (CCH) 1874; T.C.M. (RIA) 91053; February 11, 1991, Filed *78 An appropriate order and decision will be entered. Wayne Massey, pro se. Amy Dyar Seals, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case is before the Court on respondent's motion for summary judgment under Rule 121. [1]
In a notice of deficiency dated November 17, 1989, respondent determined deficiencies in and additions to petitioners' joint Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [2]
Sec. 6653(a)(2)
Sec. 6661
1982
$ 5,145.40
$ 257.27
*
$1,286.25
1985
58,355.37
2,917.77
*
14,588.84
*79 In a separate notice of deficiency also dated November 17, 1989, respondent determined deficiencies in and additions to petitioner Wayne Massey's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
1983
14,747.95
737.40
*
3,686.99
1984
81,784.90
$ 4,089.25    *
20,446.23
Petitioners resided in Strong, Arkansas, when they filed their petition in this case. On September 26, 1990, respondent sent petitioners a first request for admissions by certified mail, return receipt requested. The request for admissions was sent after petitioners failed to appear for a conference with the Appeals Division. Petitioners received the request for admissions on October 2, 1990. On October 12, 1990, the appeals officer assigned to petitioners' case notified them that she was closing the case and forwarding it to the Office of District Counsel. On October 30, 1990, respondent's counsel mailed *80 a proposed stipulation of facts to petitioners by certified mail, return receipt requested. Petitioners received the stipulation on November 8, 1990; however, they failed to contact respondent's counsel to discuss the stipulation. On November 16, 1990, respondent filed a motion for summary judgment with the Court and mailed a copy to petitioners. They failed to file an objection or response to the motion. The Court then set the motion for hearing at the Little Rock Trial Session on December 10, 1990. On November 14, 1990, Mr. Massey contacted respondent's counsel and requested an additional appeals conference. He was told by respondent's counsel to contact the appeals officer, but he failed to do so. On November 20, 1990, respondent mailed a revised, less comprehensive, stipulation of facts to petitioners, but again they failed to contact respondent's counsel to discuss the revised stipulation. Petitioners failed to respond to respondent's attempts to stipulate facts, as required by Rule 91, and they failed to file a pretrial memorandum as required by the Court's standing pre-trial order. Petitioners neither filed a motion to extend the time for responding to the request *81 for admissions nor responded to respondent's request for admissions within the 30-day period allowed by Rule 90(c). Because they failed to respond to respondent's request for admissions, the facts set forth therein are deemed admitted and conclusively established. Freedson v. Commissioner, 65 T.C. 333 at 333-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978); Rule 90(c) and (f). The facts set forth in respondent's request for admissions are as follows. 1. During 1982, 1983, 1984, and 1985, the petitioner-husband owned and operated Massey Brothers Construction Company. The petitioner-husband was a contractor who built personal residences and small commercial buildings. 2. The petitioners' gross receipts for the years in question are as follows: 1982
(Both petitioners)
$ 47,647.00
1983
(Petitioner-husband only)
$ 28,518.00
1984
(Petitioner-husband only)
$ 184,090.00
1985
(Both petitioners)
$ 93,981.00
3. The amount of $ 15,681.00 claimed as a bad debt deduction on the petitioner-husband's 1983 income tax return and the amount of $ 31,556.00 claimed as a bad debt deduction on the petitioners' 1985 income tax return should not be allowed *82 because the accounts receivable were not reported in income. 4. The petitioners are allowed a deduction of $ 4,258.80 for depreciation in 1982, rather than the $ 3,803.00 shown on their 1982 income tax return, resulting in a decrease in taxable income in the amount of $ 455.80. 5. The petitioners claimed depreciation in the amount of $ 7,173.70 on their 1985 income tax return. Allowable depreciation for 1985 was $ 2,983.70, an increase in the petitioners' tax liability of $ 4,190.00. 6. The petitioner-husband claimed depreciation in the amounts of $ 14,202.00 and $ 10,819.00 on his 1983 and 1984 income tax returns, respectively. Allowable depreciation for 1983 and 1984 was $ 13,428.00 and $ 10,182.00, respectively. This results in an increase in taxable income for 1983 and 1984 in the amounts of $ 774.00 and $ 637.00, respectively. 7. The petitioner-husband is entitled to an investment tax credit of $ 568.00 for 1983 and $ 495.00 for 1984. 8. The petitioners claimed $ 5,600.00 for repairs on the Schedule C of their 1985 income tax return. $ 4,400.00 of the amount claimed was a capital expenditure pursuant to I.R.C. section 263 and is not an allowable deduction. 9. *83 In 1985, the petitioners realized a capital gain in the amount of $ 26,991.00 for the sale of a store building, store equipment, and land. After the I.R.C. section 1202 deduction, the taxable portion of the capital gain is $ 10,796.40. 10. The petitioners did not incur a loss in the amount of $ 1,087.00 as claimed on their 1985 income tax return. Rather, the petitioners realized a gain in the amount of $ 1,178.00 on the sale of the store building, store equipment, and land. 11. The petitioners are entitled to a net operating loss in 1982 in the amount of $ 8,824.00 which was not claimed on the petitioners' 1982 income tax return. 12. The petitioners are entitled to investment tax credit in the amounts of $ 3,829.00 and $ 264.00 for 1982 and 1985, respectively. 13. The petitioners' income in 1985 is above the applicable limitation, therefore, earned income credit in the amount of $ 550.00 is not allowable. 14. The petitioners are liable for self-employment tax as follows: 1982
(Both petitioners)
$ 3,029.40
1983
(Petitioner-husband only)
$ 3,337.95
1984
(Petitioner-husband only)
$ 4,271.40
1985
(Both petitioners)
$ 4,672.80
15. The petitioners are liable for *84 additions to tax as follows: Sec.
6653(a)(1)
Sec. 6653(a)(2) Sec. 6661
1982
(Both petitioners)
$ 257.27
50% of the interest
$ 1,286.25
due on the $ 5,145.40
1983
(Petitioner-husband only)
737.40
50% of the interest
3,686.99
due on the $ 14,747.95
1984
(Petitioner-husband only)
4,089.25
50% of the interest
20,446.23
due on the $ 81,784.90
1985
(Both petitioners)
2,917.77
50% of the interest
14,588.84
due on the $ 58,355.37
16. During 1984, the petitioner-husband had $ 500,000.00 in savings account number XXXXXXXXXXXX5992 in Las Vegas, Nevada which amount represents earned income from preceding years and which amount was transferred to Marion State Bank, to the credit of Wayne Massey's Account, No. XXX4707 in July of 1984. Rule 121(b) provides that a decision may be rendered on a motion for summary judgment if it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The factual materials presented and the inferences to be drawn therefrom are to be viewed in the light most favorable to the party against whom summary judgment is sought. Naftel v. Commissioner *85 , 85 T.C. 527, 528-529 (1985). Respondent, as the moving party, bears the burden of proving that no genuine issue exists as to any material fact, and that he is entitled to a judgment as a matter of law. Marshall v. Commissioner, 85 T.C. 267, 271 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). However, when a motion for summary judgment is properly made and supported as provided in Rule 121, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must "set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party." Rule 121(d). Petitioners were present when their case was called for hearing. Mr. Massey stated in general terms that he did not make any money during the years in issue, but he did not offer any documentation or substantiation of his income or expenses for the years in issue. Although he stated that his records burned in 1987, he did not make any effort to reconstruct his income. [3]
*86 In short, petitioners failed to provide the Court with any specific facts to controvert the deemed admissions. Accordingly, we conclude that respondent has met his burden of showing that there is no genuine issue of material fact for trial. Respondent's determinations in the notices of deficiency are presumed correct, and petitioners have the burden of proving that they are wrong. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). Based upon the deemed admissions, we sustain respondent's determinations and hold that respondent is entitled to summary judgment as a matter of law. An appropriate order and decision will be entered. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue.↩
*. 50 percent of the interest due on the deficiency.↩
*. 50 percent of the interest due on the deficiency.↩
3. When questioned at the hearing why he had not responded to the request for admissions, Mr. Massey stated that he did not understand them. Respondent's cover letter attached to the request for admissions stated if petitioners had any questions to contact respondent's counsel. They did not have a telephone so respondent's counsel was unable to contact them except through the mail. Petitioners did not contact respondent's counsel to question the request for admissions. Their lack of understanding the significance of the request for admissions does not excuse their failure to answer when help was available. Moreover, the record is replete with instances of noncooperation in trial preparation and noncompliance with the Court's procedures.↩