T.C. Memo. 1997-419

UNITED STATES TAX COURT

CHARLES M. WORTHLEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2612-94.                    Filed September 22, 1997.

Charles M. Worthley, pro se.

Gary S. Gross, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  Respondent determined the following
deficiency and additions to tax relating to petitioner's Federal
income taxes:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6653(b) | Sec. 6654 |
|------|-----------|--------------|-----------|
| 1979 | -- | $20,605 | -- |
| 1980 | $38,636 | 108,414 | $2,277 |

As an alternative position, respondent in his answer asserted that petitioner is liable for additions to tax pursuant to sections 6651(a) and 6653(a).  Unless otherwise stated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On April 10, 1995, respondent, pursuant to Rule 91(f), submitted a Motion to Show Cause Why Proposed Facts In Evidence Should Not Be Accepted As Established.  Respondent attached a stipulation of facts and related exhibits to the motion.  This Court:  (1) On April 12, 1995, granted respondent's motion and issued an order requiring petitioner to show cause why the facts set forth in respondent's motion should not be deemed admitted; (2) on April 21, 1995, filed petitioner's response to this Court's order to show cause; and (3) on April 26, 1995, ordered that certain facts contained in respondent's Stipulation of Facts be deemed stipulated.

On February 13, 1996, respondent served requests for admissions on petitioner.  Petitioner did not respond to the requests and, as a result, the facts contained therein were deemed admitted.  Rule 90(c); <u>Freedson v. Commissioner</u>, 65 T.C. 333, 334-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978).

This case was called from the calendar of this Court's May 13, 1996, trial session in Boston, Massachusetts, and petitioner

failed to appear in person or through counsel. Respondent filed a motion asking this Court to find petitioner in default and enter a decision against him. By order dated November 5, 1996, this Court granted respondent's motion in part and held petitioner liable for the underlying deficiency and the section 6654(a) addition to tax. This Court denied respondent's motion with respect to the section 6653(b) additions to tax and restored the case to the general docket for trial.

This case was subsequently called from the calendar of this Court's April 28, 1997, trial session in Boston, Massachusetts. Petitioner failed to appear in person or through counsel, and respondent rested on the facts previously established pursuant to Rules 91(f) and 90(c).

Respondent, on brief, conceded that petitioner is not liable for the section 6653(b) addition to tax relating to petitioner's 1979 tax year. As a result, the issues we must decide are as follows:

1. Whether petitioner, pursuant to section 6653(b), is liable for an addition to tax for fraud relating to his 1980 tax year. We hold that he is liable.

2. Whether petitioner, pursuant to section 6651(a), is liable for an addition to tax for failing to file his 1979 Federal income tax return in a timely manner. We hold that he is liable.

3. Whether petitioner, pursuant to section 6653(a), is liable for an addition to tax for negligence relating to his 1979 tax year. We hold that he is liable.

FINDINGS OF FACT

Petitioner resided in Gerona, Spain, at the time his petition was filed. During the years in issue, he was employed by Measurex Corp. (Measurex), a California corporation, and by Saab-Totem, Inc. (Saab-Totem), a Washington corporation.

In 1980, petitioner received a $5,845 vacation allowance from Measurex and realized a $328,455.37 long-term capital gain attributable to the sale of 12,500 shares of Measurex stock. During that year, he also submitted to Measurex and Saab-Totem Forms W-4E. On these forms petitioner stated, under penalties of perjury, that he incurred no income tax liability for 1979 and that he anticipated no income tax liability for 1980.

Petitioner submitted to respondent two tax forms relating to 1979 and three tax forms relating to 1980. On April 18, 1980, and April 17, 1981, respondent received Forms 1040 relating, respectively, to petitioner's 1979 and 1980 tax years. Petitioner, on these forms, provided objections, based on the Fifth Amendment privilege against self-incrimination, to the tax return filing requirement. After receiving these forms, the Internal Revenue Service (IRS) began investigating petitioner's 1979 and 1980 tax liability. On August 13, 1981, petitioner wrote a letter to Don Waite, an employee of Measurex, suggesting

the following methods by which Measurex could delay the IRS investigation of petitioner: "One way to 'delay' would be to write Regan asking him for a schedule of payment fees for the documents. A second way would be to submit copies of only the front of the checks in the first submission."

On February 11 and 12, 1982, respondent received revised Forms 1040 relating, respectively, to petitioner's 1979 and 1980 tax years. Petitioner, on the 1979 form, reported gross income of $83,082 and a tax liability of $41,210. Petitioner, on the 1980 form, reported wages of $182,352. Petitioner crossed out the declarations that these forms were being submitted under penalties of perjury.

On January 21, 1983, respondent received a Form 1040X relating to petitioner's 1980 tax year. Petitioner reported a tax liability of $178,191 and signed the form under penalties of perjury, but he failed to report the $5,845 vacation allowance and the $328,455.37 long-term capital gain.

On April 9, 1986, a criminal information was filed in the U.S. District Court for the Western District of Washington charging petitioner, pursuant to section 7203, with willful failure to file 1979 and 1980 Federal income tax returns. Thereafter, petitioner left the country. On July 22, 1987, a U.S. Magistrate issued a bench warrant for petitioner's arrest. On April 8, 1991, officers from the U.S. Customs Service arrested petitioner at Logan International Airport in Boston,

Massachusetts.  On April 26, 1991, before the U.S. District Court for the District of Massachusetts, petitioner pled guilty to willfully failing to file, in violation of section 7203, his 1980 Federal income tax return.  The charge relating to his 1979 return was dismissed.  On June 24, 1991, petitioner was convicted, sentenced to 6 months' imprisonment, and fined $5,000.

OPINION

I.  Addition to Tax for Fraud

Respondent determined that petitioner, pursuant to section 6653(b), is liable for an addition to tax for fraud relating to his 1980 tax year.  Section 6653(b) provides that if any part of an underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment.

Fraud is defined as an intentional wrongdoing designed to evade tax.  Powell v. Granquist, 252 F.2d 56, 60 (9th Cir. 1958); Miller v. Commissioner, 94 T.C. 316, 332 (1990).  Respondent bears the burden of proving fraud by clear and convincing evidence.  Sec. 7454(a); Rule 142(b).  To carry the burden of proof, respondent must show for each year in issue that an underpayment of tax exists and that some portion of the underpayment is due to fraud.  Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989).

A.    Underpayment

Where a taxpayer does not file a return, the underpayment equals the correct tax due.  See sec. 6653(c)(1).  Respondent contends that petitioner underpaid his taxes by $216,827 (i.e., the amount that respondent contends is the correct tax due).  In 1983, petitioner reported and paid $178,191 of his 1980 tax liability.  Respondent contends that the remaining portion of the underpayment, $38,636, was attributable to petitioner's failure to report as income:  (1) The $5,845 vacation allowance; (2) the $328,455.37 long-term capital gain (resulting in a $79,024 increase in net capital gain income); and (3) $3,468 that Measurex paid the IRS in satisfaction of petitioner's Federal income tax liability.  Respondent has established by clear and convincing evidence that there is an underpayment of petitioner's tax for 1980.

B.    Fraudulent Intent

To prove fraud, respondent must establish that petitioner intended to evade taxes through conduct designed to conceal, mislead, or otherwise prevent the collection of taxes.  Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).  Fraudulent intent is not to be imputed or presumed but may be established by circumstantial evidence and reasonable inferences drawn from the facts.  Spies v. United States, 317 U.S. 492, 499 (1943); Petzoldt v. Commissioner, supra; Stephenson v. Commissioner, 79 T.C. 995, 1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984).  The

taxpayer's entire course of conduct may establish the requisite fraudulent intent. <u>Stone v. Commissioner</u>, 56 T.C. 213, 223-224 (1971).

Petitioner, pursuant to section 7203, was convicted of willfully failing to file his 1980 Federal income tax return. While a taxpayer's failure to file a tax return does not, standing alone, establish fraud, an inference of fraud is justified when the failure to file is coupled with other badges of fraud (i.e., circumstances that establish an intent to conceal or mislead). <u>Recklitis v. Commissioner</u>, 91 T.C. 874, 910-911 (1988). These badges include filing false Forms W-4 and failing to cooperate with tax authorities. <u>Id.</u> at 911-912; <u>Rowlee v. Commissioner</u>, <u>supra</u> at 1124-1125.

In 1980, petitioner submitted Forms W-4E to his employers. On these forms petitioner stated, under penalties of perjury, that he incurred no income tax liability for 1979 and anticipated no income tax liability for 1980. Petitioner incurred a 1979 tax liability of $41,210 and during 1980 received wages of $182,352. We find that petitioner knowingly submitted false Forms W-4E to his employers. In addition, he encouraged Measurex to delay respondent's investigation of his 1980 tax liability. These facts, coupled with petitioner's willful failure to file his 1980 tax return, establish the requisite fraudulent intent. Accordingly, we hold that petitioner is liable for the section 6653(b) addition to tax.

II.  Addition to Tax for Failing To File a Return in a Timely Manner

Respondent contends that petitioner, pursuant to section 6651(a), is liable for an addition to tax for failing to file his 1979 Federal income tax return in a timely manner.  Respondent bears the burden of proof relating to this issue because this contention was made for the first time in the answer.  Rule 142(a).

In 1979, petitioner had gross income of $83,082.  Thus, his gross income exceeded the sum of the applicable standard deduction and personal exemption, and he was required to file a Federal income tax return.  See sec. 6012.  Neither of the Forms 1040 petitioner provided respondent for 1979 were returns because they either did not contain sufficient information to compute petitioner's tax liability or were not signed under penalties of perjury.  See sec. 6065; Cupp v. Commissioner, 65 T.C. 68, 78-79 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977).  Therefore, petitioner failed to file his 1979 tax return in a timely manner, and we hold that he is liable for the section 6651(a) addition to tax.

III.  Addition to Tax for Negligence

Respondent contends that petitioner, pursuant to section 6653(a), is liable for an addition to tax for negligence relating to his 1979 tax year.  Respondent bears the burden of proof relating to this issue because this contention was made for the

first time in the answer.  Rule 142(a).  Section 6653(a) provides that if any part of an underpayment of tax required to be shown on a return is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment.

Petitioner's 1979 tax liability was $41,210, but he failed to file a return.  Therefore, petitioner had an underpayment of $41,210.  See secs. 6211, 6653(c)(1).  In addition, petitioner intentionally disregarded applicable rules and regulations requiring the filing of a return and the reporting of income.  Accordingly, we hold that he is liable for the section 6653(a) addition to tax.

All other arguments made by the parties are either irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.