T.C. Memo. 2000-258


UNITED STATES TAX COURT


PATRICIA R. CARPENTIER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2430-96.                    Filed August 16, 2000.


<u>Douglas D. Potratz</u>, for petitioner.

<u>Ralph W. Jones</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion for Summary Judgment filed pursuant to
Rule 121(a).[1]  As explained in detail below, we will grant

---

  [1] All Rule references to the Tax Court Rules of Practice
and Procedure.

respondent partial summary judgment with respect to all matters deemed admitted as a consequence of petitioner's failure to respond to respondent's Second Request for Admissions and petitioner's failure to file a reply to respondent's Amendment to Answer.

Background

On November 6, 1995, respondent issued notices of deficiency to Patricia R. Carpentier (petitioner) determining deficiencies in and additions to her Federal income taxes for 1989, 1990, 1991, 1992, and 1993. Respondent determined that petitioner failed to file tax returns for the years in issue, failed to report various items of income (including interest, dividends, rents, capital gains, and a tax refund), and failed to pay estimated taxes. Petitioner filed a timely petition for redetermination with the Court.

On October 22, 1996, Kevin O'Hara filed an entry of appearance on behalf of petitioner. On March 4, 1997, Mr. O'Hara filed a motion to withdraw from the case, citing petitioner's interference in his efforts to settle the case. The Court granted Mr. O'Hara's motion to withdraw.

On April 3, 1997, Timothy P. Peabody filed an entry of appearance on behalf of petitioner.

On August 31, 1999, respondent filed a Second Request for Admissions requesting that petitioner admit the following:

a.    During the year 1989 you sold securities resulting in a net capital loss in the aggregate amount of $14,437.00.

b.    During the year 1990 you sold securities resulting in a net capital loss in the aggregate amount of $34,623.00.

c.  During the year 1992, you did not have any capital gains or losses.

d.    During the year 1993 you sold securities resulting in a net capital loss in the aggregate amount of $17,588.00.

e.    During the year 1989 you received taxable interest income in the amount of $23,046.00.

f.    During the year 1990 you received taxable interest income in the amount of $24,421.00.

g.    During the year 1991 you received taxable interest income in the amount of $17,156.00.

h.    During the year 1992 you received taxable interest income in the amount of $9,769.00.

i.    During the year 1993 you received taxable interest income in the amount of $6,025.00.

j.    During the year 1989 you received taxable dividend income in the amount of $4,468.00.

k.    During the year 1990 you received taxable dividend income in the amount of $1,102.00.

l.    During the year 1991 you received taxable dividend income in the amount of $552.00.

m.    During the year 1992 you received taxable dividend income in the amount of $2,674.00.

n.    During the year 1993 you received taxable dividend income in the amount of $977.00.

o.    During the year 1989 you received an income tax refund from the State of California in the amount of $4,577.00. The refund is includable in your taxable income for 1989.

p.    During the year 1991 you received taxable Form K-1 distribution(s) in the amount of $3,798.00.

q.    During the year 1992 you received taxable Form K-1 distribution(s) in the amount of $1,939.00.

r.    During the year 1993 you received taxable Form K-1 distribution(s) in the amount of ($69.00).

s.    During the year 1989 you received taxable ground rent income in the amount of $75,000.00.

t.    During the year 1990 you received taxable ground rent income in the amount of $75,000.00.

u.    During the year 1991 you received taxable ground rent income in the amount of $81,115.89.

v.    During the year 1992 you received taxable ground rent income in the amount of $75,891.62.

w.    During the year 1993 you received taxable ground rent income in the amount of $77,910.94.

x.    Your filing status for the taxable year 1989 is single with one exemption.

y.    Your filing status for the taxable year 1990 is single with one exemption.

z.    Your filing status for the taxable year 1991 is single with one exemption.

aa.   Your filing status for the taxable year 1992 is single with one exemption.

ab.   Your filing status for the taxable year 1993 is single with one exemption.

ac.   You failed to file an income tax return for the taxable year 1989.

ad. You failed to file an income tax return for the taxable year 1990.

ae. You failed to file an income tax return for the taxable year 1991.

af. You failed to file an income tax return for the taxable year 1992.

ag. You failed to file an income tax return for the taxable year 1993.

ah. Your failure to file an income tax return for the taxable year 1989 was not due to reasonable cause.

ai. Your failure to file an income tax return for the taxable year 1990 was not due to reasonable cause.

aj. Your failure to file an income tax return for the taxable year 1991 was not due to reasonable cause.

ak. Your failure to file an income tax return for the taxable year 1992 was not due to reasonable cause.

al. Your failure to file an income tax return for the taxable year 1993 was not due to reasonable cause.

am. You failed to pay estimated tax for the taxable year 1989.

an. You failed to pay estimated tax for the taxable year 1990.

ao. You failed to pay estimated tax for the taxable year 1991.

ap. You failed to pay estimated tax for the taxable year 1992.

aq. You failed to pay estimated tax for the taxable year 1993.

Paragraphs a., b., c., and d. of respondent's Second Request

for Admissions, as quoted above, represent concessions by

respondent that, contrary to respondent's determinations in the

notices of deficiency, petitioner did not realize capital gains during the taxable years 1989, 1990, 1992, and 1993.  Respondent conceded that petitioner either incurred capital losses or had no capital gains during those years.

Petitioner failed to file a response to respondent's Second Request for Admissions.  As a consequence, the matters quoted above were deemed admitted pursuant to Rule 90(c).  See Marshall v. Commissioner, 85 T.C. 267, 272 (1985); Freedson v. Commissioner, 65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978).

On August 31, 1999, respondent filed a Motion for Leave to File an Amendment to Answer and lodged an Amendment to Answer with the Court.  On October 1, 1999, the Court granted respondent's Motion for Leave and filed respondent's Amendment to Answer.  The Amendment to Answer included affirmative allegations that petitioner had received income in the form of ground rents during the years in issue as follows:

> a.  During each of the years 1989 through 1993, petitioner owned an interest in certain real estate that was managed in her behalf by Charles Dunn Company.

> b.  Petitioner was entitled to receive ground rents from tenants leasing the real estate during each of the years 1989 through 1993.

> c.  Charles Dunn Company collected the ground rents from the tenants.  After subtracting amounts paid for the maintenance of the property and its management fee, Charles Dunn Company paid net amounts to petitioner in each of the years 1989 through 1993.

d.   Petitioner received rents from the real estate managed by Charles Dunn Company for 1989 through 1993 in the respective amounts of $75,000.00, $75,000.00, $81,115.89, $75,891.62 and $77,910.94.

e.   Petitioner received rents from the real estate in amounts greater than determined in the notices of deficiency issued to the petitioner, in the respective amounts of $34,800.00, $34,800.00, $40,915.89, $35,691.62 and $37,710.94.

f.   Because of concessions by respondent with regard to the capital gains income received by petitioner in the years in question, the increased income will not result in deficiencies greater than the amounts determined by respondent in the notices of deficiency.

Petitioner failed to file a reply to respondent's Amendment to Answer.

On December 13, 1999, respondent filed a motion pursuant to Rule 37(c) requesting that all undenied allegations set forth in respondent's Amendment to Answer be deemed admitted.  Although petitioner was notified of respondent's motion, petitioner failed to file either a response to the motion or a reply to respondent's Amendment to Answer.  On January 10, 2000, the Court granted respondent's Rule 37(c) motion.

On February 1, 2000, Mr. Peabody filed a motion to withdraw from the case, citing petitioner's failure to communicate with him.  The Court granted Mr. Peabody's motion on March 3, 2000. Prior thereto, on February 24, 2000, Douglas D. Potratz filed an entry of appearance on behalf of petitioner.  Mr. Potratz is petitioner's current counsel.

As indicated, respondent filed a Motion for Summary Judgment. Respondent contends that petitioner's dilatory conduct in this litigation, considered in conjunction with the matters that petitioner is deemed to have admitted pursuant to Rules 37(c) and 90(c), justifies entry of summary judgment in respondent's favor.

Petitioner filed an opposition to respondent's motion, blaming Mr. Peabody for failing to respond to respondent's Second Request for Admissions and Amendment to Answer. Petitioner further asserts that respondent's motion should be denied insofar as petitioner intends to show that she is entitled to deductions for real estate taxes and other miscellaneous expenses incurred during the years in issue.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion. Although petitioner did not attend the hearing, she did file a written statement with the Court pursuant to Rule 50(c).

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories,

depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As previously discussed, petitioner is deemed to have admitted the various matters set forth in respondent's Second Request for Admissions and respondent's Amendment to Answer. There is no dispute as to any material fact as to the matters set forth therein.  The allegations deemed admitted, quoted above in their entirety, establish the nature and amount of various items of income that petitioner failed to report during the years in issue.  The allegations deemed admitted also establish that petitioner is liable for the additions to tax determined in the notices of deficiency.

Petitioner opposes respondent's Motion for Summary Judgment on the ground that she is entitled to deductions for real estate

taxes and other miscellaneous expenses incurred during the years in issue.  Respondent's Second Request for Admissions and respondent's Amendment to Answer are silent with respect to the nature and amount of the deductions to which petitioner may be entitled for the years in issue.

Under the circumstances, we will grant respondent partial summary judgment in that petitioner will be precluded from contesting the matters set forth in respondent's Second Request for Admissions and respondent's Amendment to Answer.  However, we hold that respondent is not entitled to full summary judgment insofar as material issues of fact remain in dispute with respect to petitioner's entitlement to various deductions for the years in issue.  Any trial in this case will therefore be limited to the issue of the nature and amount of petitioner's deductions for the years in issue.

To reflect the foregoing,

An order granting respondent partial summary judgment will be issued.